**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRED RYDER** | : | **CIVIL ACTION** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | |
| | : | **NO. 05-4154** |
| **GEORGE PATRICK, et al.,** | : | |
| **Respondents.** | : | |

Gene E.K. Pratter, J.          Memorandum and Opinion          March 23, 2007

Fred Ryder petitioned for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.

Petitioner Ryder is currently incarcerated in State Correctional Institution at Houtzdate,

Pennsylvania.  For the reasons that follow, the Petition will be denied.

PROCEDURAL HISTORY

On December 9, 1997, in the Court of Common Pleas of Philadelphia, Petitioner pled

guilty to the charges of rape, corruption of a minor and making terroristic threats, after he raped

his then-girlfriend's eight-year old son, for whom he was babysitting.  Jury Trial/Guilty Pleas,

No. 0468-69, Dec. 9, 1997 Tr. 50.[1]  Petitioner was represented by counsel during this proceeding.

Petitioner signed a written plea colloquy indicating, <u>inter alia</u>, that he was aware that he was

subject to a sentence of up to thirty (30) years' imprisonment for the crimes charged, no one

---

[1] Had the case proceeded to trial, the prosecutor would have presented the following
evidence:

> In the fall of 1994 [Petitioner] was living in the home of his girlfriend, Linda
> Watson.  In October 1994, while babysitting his girlfriend's children, [Petitioner]
> asked [Ms. Watson's eight-year old son] to take off his shirt and pants. . . .
> [Petitioner] . . .  pulled the child onto the bed and, as the child was lying face
> down, inserted his penis into the child's rectum.

R&R at 2 (<u>quoting</u> <u>Commonwealth v. Ryder</u>, Nos. 0468-69, at 2 (Pa. Ct. Com. Pl. Phila. County
July 31, 2003)).

promised him anything in return for a guilty plea or forced him to plead guilty, by pleading guilty

he was giving up certain pre-trial rights, the guilty plea would constitute an admission of his

violation of his parole on other charges, and he was satisfied with the advice and service he

received from his trial lawyer.  Resp't Resp. Ex. B.[2]

On March 3, 1998, Petitioner was sentenced to seven (7) to fourteen (14) years'

imprisonment on each of the three charges, all to run concurrently, and to run concurrently with

---

[2] As the Court of Common Pleas later noted, however, the court did not conduct an oral colloquy during the court proceedings to ensure that Petitioner understood the potential sentence that he faced (among other factors).  Commonwealth v. Ryder, No. 2089 EDA 2003 (Pa. Super. Ct. July 31, 2003).  One of Petitioner's arguments is that the lack of a proper oral colloquy violates Pennsylvania law.  Under Pennsylvania law, a trial court must ask a defendant the following six questions in connection with a guilty plea:  (1) Does the defendant understand the nature of the charges to which he is pleading guilty? (2) Is there a factual basis for the plea? (3) Does the defendant understand that he has the right to trial by jury? (4) Does the defendant understand that he is presumed innocent until he is found guilty?  (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged? (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?  See Commonwealth v. Willis, 369 A.2d 1189, 1190 (Pa. 1977). During the proceedings before the Court of Common Pleas on December 9, 1997, counsel for Mr. Ryder informed the court that the Petitioner was willing to consider an open plea, i.e., a guilty plea notwithstanding the absence of any agreement with the government.  Dec. 9, 1997 Tr. at 48.  The court then addressed the Petitioner, who acknowledged that he intended to plead guilty to rape, corrupting the morals of a minor and terroristic threats.  Id. at 50.  The court referred the Petitioner to the written guilty plea colloquy, which Petitioner stated that he had reviewed, understood, and signed.  Id.  The prosecutor then recited the facts underlying the charges against Petitioner.  Id. at 51-60.  Only after this exchange did the court then accept Petitioner's guilty plea.  Id. at 61.  The court officer then recited each charge against the Petitioner, and asked the Petitioner how he wished to plea.  Id.  Petitioner pleaded guilty to each charge.  Id.  However, the court did not ask orally the six specific, required questions cited above. It is unclear from the state court record whether Petitioner raised the precise issue of trial court error in failing to ask the requisite questions during his guilty plea.  Petitioner clearly raised the issue of ineffective assistance of counsel in "inducing" him to plead guilty, inferring that Petitioner would not have pleaded guilty had he known the full scope of the sentence involved.

any sentence he may have been serving at that time.  Sentencing, No. 0468-69, March 3, 1998 [3]

On March 8, 1998, Petitioner filed a motion for reconsideration, which was denied without a

hearing on March 16, 1998.  Petitioner Ryder did not appeal.

On February 20, 1999, Petitioner filed a pro se petition under Pennsylvania's Post

Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546, alleging, inter alia, the

ineffective assistance of his counsel for allegedly failing to properly inform him as to the possible

sentence if he pled guilty, improperly promising him a concurrent sentence, and inducing his

guilty plea.  New counsel was appointed for Petitioner in these PCRA proceedings.  However,

Petitioner's newly appointed counsel filed a "no merit" letter seeking to withdraw as counsel,[4]

---

[3] As the Respondents note, this may have been a confusing sentence because Petitioner
was not actually serving a sentence when he pleaded guilty in the instant case.  In fact, when
Petitioner pleaded guilty in this case, he was on parole from a prior conviction.  Petitioner's
guilty plea in the instant matter constituted a violation  his parole in the prior case.  In the prior
case, Petitioner had pleaded guilty to  charges of rape and corruption of the morals of a minor for
which he was sentenced to four (4) to fifteen (15) years' imprisonment.  He had been released on
parole from sentence at the time of the commission of the crimes in the instant case.  After
Petitioner pleaded guilty and was sentenced in this matter, and he was later sentenced to nine (9)
years, one (1) month and twelve (12) days of "back time" imprisonment related to his parole
violation, which was to be served consecutively with the new sentence.

During Petitioner's guilty plea proceedings, his counsel argued that Petitioner's sentence
should run concurrently with his prior sentence, and the judge seemed to grant that request.
However, as the prosecutor correctly argued during the guilty plea hearing, ordering the new
sentence to run concurrently with a prior, unrelated sentence was contrary to Pennsylvania law,
which requires that parolees who are recommitted to prison after being convicted of a new
offense are required to serve the unexpired term of the prior sentence before serving the new
sentence.  See 61 Pa. Cons. Stat. § 331.21a(a).

[4] Petitioner's court-appointed PCRA counsel moved to withdraw pursuant to
Commonwealth v. Finley, 550 A.2d 213, 215 (Pa. Super. Ct. 1998) (en banc), and
Commonwealth v. Turner, 544 A.2d 927, 928-29 (Pa. 1988).  These cases provide that, if in the
exercise of his professional judgment, counsel determines that the issues raised under the PCRA
are meritless, he may petition the court to withdraw.  If the PCRA court concurs, counsel will be
permitted to withdraw, and the petitioner may proceed pro se, or by privately retained counsel, or

3

stating that the petition lacked arguable merit and that there were no other issues of arguable merit that could be raised on Petitioner's behalf.  <u>See</u> Resp't Resp. Ex. C at 2.  The court dismissed the PCRA petition on October 8, 1999, essentially adopting counsel's "no merit" letter, and permitted counsel to withdraw.  <u>Id.</u>

Mr. Ryder filed a <u>pro se</u> appeal of the PCRA court's decision on December 2, 1999, and on January 31, 2000 the Philadelphia County Court of Common Pleas affirmed.   Petitioner appealed this decision.  On appeal, the Superior Court remanded Petitioner's PCRA petition to the Court of Common Pleas with instructions to issue an opinion outlining its reasoning because it found that the court's reliance on counsel's "no merit" letter, without providing its own reasoning, was unacceptable.  On remand, the Court of Common Pleas of Common Pleas' dismissed Petitioner's PCRA petition.  <u>Commonwealth v. Ryder</u>, Nos. 0468-69, (Pa. Ct. Com. Pl. Phila. County July 31, 2003), Resp't Resp. Ex. A.  The Superior Court affirmed the dismissal on August 2, 2004.   <u>Commonwealth v. Ryder</u>, No. 2089 EDA 2003 (Pa. Super. Ct. Aug. 2, 2004), Resp't Resp. Ex. C.  Petitioner did not appeal to the Pennsylvania Supreme Court.

On August 25, 2004, Mr. Ryder filed a second PCRA petition alleging that his sentence was illegal under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).  This petition was dismissed as untimely on June 22, 2005.

Petitioner then filed a petition for the writ of *habeas corpus* in this Court on July 29, 2005

---

not at all.

(Docket No. 1).[5]  Petitioner seeks habeas relief based upon the following grounds:

1.      Petitioner's guilty plea was unlawfully induced, involuntary, made without an understanding of the charges against him in accordance with state law, and included a defective in-court colloquy;

2.      Petitioner was denied the opportunity or right to file any motions to withdraw his guilty plea because he was not informed when to file such a request;

3.      The trial court did not use reasonable care under the circumstances of what counsel had told the Petitioner, and considering the pre-sentence investigation, and court involvement with the plea;

4.      Trial counsel was ineffective in misleading the Petitioner into an illegal, coerced, unknowing, and unintelligent guilty plea;

5.      Petitioner was denied meaningful appellate review, where the trial court failed to address issues on appeal, or participate in the appeal process or based upon a judicial breakdown in the court's process;

6.      There is no affidavit to establish a charge of terroristic threats, given Petitioner was charged with other similar charges;

7.      Petitioner received an illegal sentence for the charge of terroristic threats;

8.      Trial court erred in dismissing as untimely his second PCRA petition under Blakely v. Washington, where the court failed to properly consider the PCRA statute; and

9.      Petitioner was denied his constitutional right to a speedy trial prior to the entry of

---

[5]  Due to the prison mailbox rule, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).  Mr. Ryder signed and dated his first federal *habeas* petition on July 29, 2005, and the envelope in which the Petition was mailed was stamped with a postmark of August 2, 2005.  However, the first petition Mr. Ryder filed in this Court, received by the Court on August 4, 2005, was not filed on the requisite 28 U.S.C. § 2254 form.  On August 22, 2005, the Court issued an Order instructing the Clerk of the Court to provide Petitioner with a copy of the current forms, and permitting Petitioner to return his revised petition to the Court within thirty (30) days (Docket No. 2).  Petitioner complied with this Order and re-filed his petition on September 20, 2005 (Docket No. 3).  For purposes of evaluating the timeliness of Petitioner's *habeas* Petition, the Court will consider Mr. Ryder's Petition to have been filed on July 29, 2005.

his guilty plea.

The Court referred the instant Petition to the Honorable Carol Sandra Moore Wells, United States Magistrate Judge, for the preparation of a Report and Recommendation ("R&R"). 28 U.S.C. § 636(b)(1)(B); Local R. Civ. P. 72.1(I)(b).  On January 26, 2006, Magistrate Judge Wells filed a R&R, recommending that the Court deny Mr. Ryder's Petition without an evidentiary hearing because it was untimely and Petitioner was not entitled to the benefit of equitable tolling, and finding that there is no probable cause to issue a certificate of appealability (Docket No. 10).

Petitioner has filed objections to the R&R.  Thus, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c).  The Court has made a thorough review of Petitioner's state court record, and has considered Petitioner's arguments and factual assertions submitted to the Court in his Petition, his Traverse filed in response to the Government's brief, and his Objections.  For the reasons discussed below, the Objections will be overruled and the Petition will be denied.

DISCUSSION

I.      **Legal Standard**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 et seq., which provides in pertinent part:

>   A 1-year period of limitation shall apply to an application for a writ of habeas
>   corpus by a person in custody pursuant to the judgment of a State court. The
>   limitation shall run from the latest of -
>   (A) the date on which the judgment became final by the conclusion of direct
>   review or the expiration of the time for seeking such review . . .

28 U.S.C. § 2244(d)(1).  The statute of limitations under AEDPA is tolled during the time in

which "a properly filed application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  The statute of

limitations is subject to equitable tolling when the "principles of equity would make [the] rigid

application [of a limitation period] unfair."  Miller v. N.J. Dept. of Corrections, 145 F.3d 616,

618 (3d Cir. 1998) (quoting Shendock v. Director, Office of Workers' Compensation Programs,

893 F.2d 1458, 1462 (3d Cir. 1990).[6]  Equitable tolling may be appropriate if (1) the defendant

has actively misled the plaintiff, (2) if the plaintiff has in some "extraordinary" way been

prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly

in the wrong forum.  See Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted).

The petitioner "must show that he or she exercised reasonable diligence in investigating and

bringing [the] claims."  Miller, 145 F.3d at 618-19 (quoting New Castle County v. Halliburton

NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997).   "Mere excusable neglect is not sufficient."  Id.

## II. Analysis

Petitioner's Objections to the R&R essentially express his frustrations that a court has

not considered the "merits" of his claims.  However, Petitioner offers no actual argument as to

why the Court should ignore the fact that his July 29, 2005 filing of his Petition was nine months

after his one-year AEDPA filing period expired, and thus excuse his delay in filing his federal

---

[6] In Miller, the Court of Appeals for the Third Circuit determined that AEDPA's one-year
filing requirement is a statute of limitations, not a jurisdictional rule, and thus a *habeas* petition
should not be dismissed as untimely filed if the petitioner can establish an equitable basis for
tolling the limitations period.  Miller, 145 F.3d at 618; Jones v. Morton, 195 F.3d 153, 159 (3d
Cir. 1999).

*habeas* Petition, which the Court must do before it could address the proposed merits of Petitioner's claims.  The only real "objection" to the R&R, by which the Magistrate Judge recommended only that the Petition be denied as time-barred, is Petitioner's contention that his delay in filing his *habeas* petition was due to the Pennsylvania courts' "breakdown" and was not his fault.

In accordance with 28 U.S.C. § 2244, Mr. Ryder's conviction became final on April 16, 1998, upon expiration of the 30-day period for seeking direct review of the denial of his motion for reconsideration.  See also 42 Pa. Cons. Stat. § 9545(b)(3) (stating that a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review).  AEDPA's one-year statute of limitations for filing a federal habeas petition began to run on the following day.  On February 20, 1999 (the 309th day of his one-year limitations period), Petitioner filed his first pro se application for PCRA relief, which, because it was timely and "properly filed," temporarily suspended the running of AEDPA's statute of limitations.  See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

On August 2, 2004, the Pennsylvania Superior Court affirmed the lower court's denial of post-conviction relief.  Petitioner did not appeal this ruling.  On September 1, 2004, upon the expiration of the 30-day period in which Petitioner could have requested discretionary review by the Pennsylvania Supreme Court, the running of Petitioner's AEDPA's statute of limitations

resumed.[7]  Absent any tolling, Petitioner would have had until October 29, 2004 to file his

habeas petition in this Court.  However, the instant petition was not filed until July 29, 2005 –

nine months – later.

A habeas petitioner seeking equitable tolling of the limitations period must show that he

has been pursuing his rights diligently, *and* that some extraordinary circumstance stood in his

way.  See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Magistrate Judge Wells noted in the

R&R that Petitioner "offers no explicit equitable tolling argument," and that he "failed to allege

or demonstrate that any 'extraordinary circumstance' external to himself unfairly prohibited

compliance with AEDPA's time limitation."  R&R 7.  A court often will excuse a pro se

petitioner for failing to use the "magic" words in asserting an "explicit equitable tolling

argument," but a fair reading of this Petitioner's various submissions reveals that he has not

advanced any credible reason as to why the Court should grant equitable relief to Mr. Ryder to

excuse his untimely filing.

Admittedly, Petitioner's long, winding path through the Pennsylvania courts in an effort

to seek  post-conviction relief was arduous, active and perhaps a bit confounding to a self-

concerned layperson.  As noted above, Mr. Ryder filed his first petition for post-conviction relief

in state court in February 1999, yet the Pennsylvania courts did not reach a final disposition on

this petition until August 2004, over five and one-half years later.  However, notwithstanding the

---

[7] Petitioner filed his second pro se application for PCRA relief on August 2, 2004, but,
because this petition was held to be untimely and was, therefore, not "properly filed," this motion
does not affect Petitioner's statute of limitations under AEDPA.  See Pace v. DiGuglielmo, 544
U.S. 408, 417 (2005) (holding that time limits, no matter their form, are "filing" conditions and
that, because the state court rejected Petitioner's PCRA petition as untimely, it was not "properly
filed," and he was not entitled to statutory tolling under § 2244(d)(2)).

din of Petitioner's protestations to the contrary, Petitioner is not being penalized for any delay he has had to endure while his PCRA petition was pending in the Pennsylvania courts.  Rather, the Court finds that Petitioner's federal *habeas* petition is untimely because, *after* the Pennsylvania court's final disposition of his PCRA petition, Petitioner waited nine months before filing the instant petition in federal court.  By the time Petitioner filed this petition in July 2005, the statute of limitations under AEDPA had long since expired.  Therefore, Petitioner's *own* delay, and not any delay caused by the Pennsylvania courts, caused his Petition to be filed late.  In light of Petitioner's own significant and unexplained delay, he cannot claim that he "exercised reasonable diligence" in pursuing his claims.  See Pace, 544 U.S. at 419 (noting that not only did the petitioner delay for years before filing his PCRA petition, "but he also sat on [his rights] for five more months after his PCRA proceedings became final before deciding to seek relief in federal court"); Satterfield v. Johnson, 434 F.3d 185, 196 (3d Cir. 2006) (noting that following dismissal of his PCRA petition, petitioner waited more than eight months to file his habeas petition in federal court, in holding that petitioner "did not diligently pursue available routes to collateral relief").

Aside from the extensive delay in the Pennsylvania courts noted above, Petitioner cites no other reason for failing to file the instant petition within AEDPA's time limits.  Therefore, the Court is compelled to dismiss his Petition as untimely.[8]

_____

[8] With this result, certainly the Court is neither endorsing nor undertaking to evaluate the bare-bones guilty plea colloquy procedures in the Court of Common Pleas that Petitioner has described in his papers, except to observe that it is hardly a surprise that those procedures have engendered an attempted challenge.  Likewise, the Court is not venturing into any evaluation of the professional performance of Mr. Ryder's various counsel.

CONCLUSION

Because the applicable limitations period under AEDPA expired in October 2004, the instant habeas petition filed in July 2005 was filed nine months late.  In the absence of a showing of diligence that would meet the rigorous standard for equitable tolling, the Petition will be dismissed as time-barred.  Because Petitioner has not made the requisite showing of the denial of a constitutional right, a certificate of appealability should not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  An appropriate Order follows.

S/Gene E.K. Pratter
Gene E.K. Pratter
United States District Judge

March 23, 2007

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRED RYDER** | : | **CIVIL ACTION** |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | **NO. 05-4154** |
| **GEORGE PATRICK, et al.,** | : | |
| Respondents. | : | |

### O R D E R

**AND NOW**, this 23rd day of March, 2007, upon consideration of the Petitioner for Writ of *Habeas Corpus* filed by Fred Ryder (Docket No. 3), the response thereto (Docket No. 8), Mr. Ryder's Traverse (Docket No. 9), the Report and Recommendation filed by Magistrate Judge Sandra Moore Wells (Docket No. 10), and Mr. Ryder's Objections (Docket No. 12), it is

**ORDERED** that:

1.   The Report and Recommendation (Docket No. 10) is **APPROVED**[1] and **ADOPTED**;

2.   Petitioner's Objections (Docket No. 12) are **OVERRULED** and Petition for Writ of *Habeas Corpus* (Docket No. 3) is **DENIED**;

3.   There is no probable cause to issue a Certificate of Appealability; and

4.   The Clerk of the Court is instructed to mark this case as **CLOSED** for all purposes, including statistics.

FOR THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] The Report and Recommendation is approved and adopted for the reasons discussed in the attached Memorandum and Order, except that the Report and Recommendation is hereby amended to incorporate July 29, 2005 as the date on which Mr. Ryder is deemed to have filed his *habeas* petition in this Court.  See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).